QUESTION:
Does a lending institution which has foreclosed a mortgage on a condominium project have to comply with s. 711.802, F. S. 1975?
SUMMARY:
When a lending institution, as mortgagee, forecloses against a developer, as mortgagor, where the mortgaged property is that property submitted to the condominium form of ownership by the developer through a declaration of condominium, the lending institution becomes a developer within the meaning of s. 711.03(12), F. S. 1975, and must comply with the filing provisions of s. 711.802, F. S. 1975.
Section 711.802, F. S. 1975, provides:
 One copy of each document and item required to be furnished to a buyer or lessee by a developer pursuant to ss. 711.69 and 711.70 shall be filed with the Division of Florida Land Sales and Condominiums at least 30 days before units are available for contract for purchase. Said documents shall also be filed for six or more units remaining unsold as of October 1, 1975.
The documents and items required by ss. 711.69 and 711.70 represent the information which the Legislature has deemed necessary for each condominium unit purchaser to have prior to his or her purchase. In essence these documents and items disclose to a purchaser all of the terms, conditions, and encumbrances to which his ownership will be subject. The obvious intent of this statute is to facilitate the Division of Florida Land Sales and Condominiums in exercising its power to enforce the provisions of the Condominium Act. Section 711.801, F. S. 1975.
The duty of filing the documents and items is imposed upon anyone who is a `developer.' Consequently, the answer to your question depends upon whether or not the foreclosing mortgagee is a developer. By statute a developer is a person who either creates a condominium or who offers condominium parcels owned by him for sale in the ordinary course of business. Section 711.03(12), F. S. 1975. In order to create a condominiums, a declaration is recorded `in the public records of the county wherein the land to be included is located.' Section 711.08(1), F. S. 1975. The declaration must be executed:
 . . . by all persons having title of record to the interest in such land being submitted to condominium ownership and all persons having any interest under mortgages of record that encumber any portion of the common elements that are not satisfied prior to the closing of any sales of units. (Id.; emphasis supplied.)
Additionally, `A person who joins in the execution of a declaration subjects his interest in the condominium property to the provisions of the declaration and the provisions of this chapter [Ch. 711, F. S.].' [Brackets added.] Section 711.08(3), F. S. 1975. Therefore, when any lending institution loans funds for the development of a condominium, which loan is secured by a mortgage on the property to be submitted to condominium ownership, the lending institution upon foreclosure succeeds to the interest of the defaulting developer, which interest is still subordinate to the declaration of condominium and the Condominium Act.
Consequently, the lending institution, after having acquired the condominium property, cannot change its character except as provided by s. 711.16, F. S. 1975, and in order to dispose of the property must sell it as condominium parcels. Since the sale of property pledged as security for a loan and acquired upon default by the borrower is the type of transaction normally contemplated as part of the ordinary course of business of a lending institution, the lending institution would be a developer within the meaning of s. 711.03(12), F. S. 1975.
Furthermore, any alternative construction of this provision would appear to be contrary to the legislative mandate within the definition of `developer' which requires that: `This definition shall be construed liberally to accord substantial justice to a unit owner or lessee.' Section 711.03(12), F. S. 1975.
In light of the above, your question is answered in the affirmative at least in the situation where the original developer is the mortgagor and the lending institution has foreclosed on his interest in the condominium property. Upon foreclosure, the lending institution acquires the duty to see that the proper documents and items are filed with the division. It would appear, however, that the legislative intent and purpose of s. 711.802, F. S., would not require refiling of required documents already submitted to the division, except to the extent that such documents must be amended to properly reflect the change in the holders of interests in the condominium property or additional documents and items filed to correct the original developer's deficiencies.
The situation where an individual unit owner defaults on his mortgage and the mortgagee forecloses on his parcel is somewhat more complex. Strictly following the foregoing reasoning it would appear that the lending institution would not be within the following exception to the definition of developer:
 . . . except that the term `developer' shall not include the owners or lessees of units in condominiums who offer the units for sale or lease or their leasehold interests for assignment when they have acquired or leased the units for their own occupancy. (Section 711.03(12), F. S.)
Also, under s. 711.03(12), F. S., sale or lease of the acquired condominium parcel by the lender would still be within the ordinary course of business of the lending institution.
However, subjecting a lender which has acquired a single unit within a complex or development to the duties and responsibilities of a developer seems to conflict with the overall intent and purpose of the Condominium Act. It is possible to resolve this conflict by employing the liberal construction mandate cited above on the grounds that including the lending institution as a developer in these circumstances would deny unit owners substantial justice by making it more difficult for unit owners to obtain mortgage financing.
On the other hand, if the same lending institution acquires several individual units within the same development, it would appear that the overall intent of the act is better implemented by including that lender within the definition of a developer. Therefore, in my opinion, the issue would be best resolved by a clarifying enactment of the Legislature. In lieu thereof, the issue would have to be resolved by the courts on a case-by-case basis in consideration of the facts and circumstances of each case and the intent of the Legislature.
However, where the mortgaged property foreclosed upon is a single parcel or small number of privately held condominium parcels within the same development, the proper construction of the relevant statutes is unclear and must be resolved by clarifying legislation or by the process of case-to-case judicial construction.
Prepared by: Staff